UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nakia Laron German, # 73821, *aka* Nakia Lerone German, | C/A No. 2:10-2916-HFF-BHH |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Henry Dargan McMaster, *Attorney General*; Scarlett A. Wilson, *Ninth Circuit Solicitor of Charleston and Berkeley County*; David Price Schwacke, *Public Defenders Office of Berkeley County*, | |
| Defendants. | |

## *Background of this Case*

The plaintiff is a federal prisoner confined at the Charleston County Detention Center. The plaintiff entered guilty pleas to three firearms-related offenses in *United States v. Nakia Lerone German*, Criminal No. 2:07-1385-PMD-1. On November 4, 2010, the Honorable Patrick Michael Duffy, Senior United States District Judge, sentenced the plaintiff to concurrent terms of sixty-three (63) months. The plaintiff is awaiting transfer to the Bureau of Prisons.

The above-captioned civil rights action concerns a charge of criminal domestic violence, which was prosecuted both in magistrate court and in the Court of General

1

Sessions. The plaintiff was convicted *in absentia* in magistrate court, but was later charged in the Court of General Sessions for assault and battery of a high and aggravated nature (ABHAN) for the same incident. The Solicitor, however, never vacated the "in absentia" conviction from the magistrate court before the plaintiff pled guilty in the Court of General Sessions. The plaintiff states that he was successful in his PCR case at the Court of Common Pleas and at the Supreme Court of South Carolina after the Attorney General's appeal. In the post-conviction case, the Court of Common Pleas vacated the conviction for assault and battery of a high and aggravated nature (ABHAN).

In his prayer for relief, the plaintiff seeks $2,000,000.00 in compensation for violation of his rights by the two prosecutors, $15,000 for ineffective assistance of counsel, $1,000,000.00 in punitive damages, and a declaratory judgment that the defendants violated his constitutional rights.

### *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the

*pro se* pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Since the plaintiff's conviction for assault and battery of a high and aggravated nature was vacated in the post-conviction proceedings, the above-captioned is not barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), because the plaintiff received a favorable termination. Nonetheless, although the plaintiff received a favorable termination, the two prosecutors named as defendants in this case are immune from suit for actions in the two criminal cases arising out of one incident of criminal domestic violence. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. Article V, § 24; and S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit. Prosecutors — such as Solicitor Scarlett A. Wilson — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855, 861 (2009) ("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant"); *Kalina v. Fletcher,* 522 U.S. 118 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

Moreover, prosecutorial immunity extends to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992). Hence, Attorney General McMaster is entitled to immunity from suit with respect to his actions in the plaintiff's successful post-conviction case. *Rice v. Nat'l Security Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001).

Public Defender Schwacke is entitled to summary dismissal because he has not acted under color of state law with respect to his representation of the plaintiff in the Court of General Sessions. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *See also Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

***Recommendation***

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.

The plaintiff's attention is directed to the important Notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).